UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MODULAR ARTS, INC., a Washington corporation,<br><br>        Plaintiff,<br><br>v.<br><br>INTERLAM CORPORATION, a Florida Corporation, d/b/a INTERLAM and INTERLAM, INC.,<br><br>        Defendant. | No.  C07-382Z<br><br>ORDER |

This matter comes before the Court on Modular Arts, Inc.'s Motion to Dismiss Counterclaim with Prejudice, docket no. 14.  Having considered the briefs in support of and in opposition to the motion, the Court now GRANTS IN PART and DENIES IN PART Modular Arts, Inc.'s Motion to Dismiss Counterclaim with Prejudice, docket no. 14, and DISMISSES Interlam Corporation's counterclaim without prejudice and with leave to amend within thirty days of the entry of this Order.

## BACKGROUND

Plaintiff/Counterdefendant Modular Arts, Inc. ("Modular Arts") alleges that it owns by assignment the United States Copyright Registration for a "Dune" design that is used on sculptural wall panels in residential and commercial interiors.  Compl., docket no. 1, ¶¶ 7-9.

ORDER  1–

Modular Arts alleges that Defendant/Counterplaintiff Interlam Corporation ("Interlam") is "manufacturing, selling, advertising, and/or making unauthorized copies of wall coverings that infringe Plaintiff's Dune Design." Id. ¶ 11.

Interlam alleges a counterclaim against Modular Arts under the Washington Consumer Protection Act ("CPA"), RCW §§ 19.86.020, 19.86.090, that is based upon a March 6, 2007 demand letter that Modular Arts sent to one of Interlam's distributors, Rodgers Design Solutions, Inc. ("Rodgers Design"). Answer, docket no. 8, ¶ 19-31. Modular Arts' March 6, 2007 letter demanded that Rodgers Design "cease promoting, marketing, and selling specific panels produced by Interlam (in particular, an Interlam Design D-001").[1] Id. ¶ 21. Modular Arts' letter "included depictions of Interlam D-001 and Modular Arts' Dune which were intentionally distorted and misrepresented the two products in order to make them appear more similar." Id. ¶ 22. "Modular Arts intentionally distorted the images contained in the March 6, 2007 demand letter in order to lead Rodgers Design Solutions, Inc. to falsely believe that the similarities between Interlam's Design D-001 and Modular Arts' Dune design were more extensive than they were in fact." Id. ¶ 23. "As a result of the depictions of Interlam's D-001 and Modular Arts' Dune contained in the March 6, 2007 letter, Rodgers Design Solutions, Inc. agreed to cease and desist from promoting, marketing, and selling Interlam's D-001 design and further agreed to remove from its website and other marketing materials Interlam's D-001 design." Id. ¶ 24. "Modular Arts' letter of March 6, 2007 was unfair and deceptive and intended to permit Modular Arts to unfairly compete with Interlam." Id. ¶ 29. "Interlam has been damaged as a result of the unfair and

---

[1] As outlined below, the allegations in Interlam's counterclaim must be accepted as true. Interlam has filed four affidavits in response to the motion to dismiss, but does not ask for the motion to be converted to a summary judgment motion. The Court does not consider evidence outside of the complaint for the purposes of this motion to dismiss. FED. R. CIV. P. 12(b)(6); Arpin v. Santa Clara Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001).

ORDER   2–

misrepresentative depictions of Interlam's D-001 and Modular Arts' Dune contained in the March 6, 2007 letter." Id. ¶ 30.

# DISCUSSION

### A.   Rule 12(b)(6) Standard of Review

Modular Arts moves to dismiss Interlam's counterclaim for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Under Rule 12(b)(6), a complaint "should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002) (citations omitted); see also Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997).

### B.   Failure to State a Claim under the Washington CPA

"[T]he question of whether a particular conduct gives rise to a CPA violation is reviewable as a question of law." Sing v. John L. Scott, Inc., 134 Wn.2d 24, 30 (1997). The "five distinct elements" of a CPA claim are: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).

Modular Arts argues that Interlam's counterclaim fails to allege sufficient facts showing that Modular Arts' conduct was unfair or deceptive. To prove an "unfair or deceptive act or practice," Interlam must show "that the alleged act had the *capacity* to deceive a substantial portion of the public." Id. at 785 (emphasis in original). Interlam's allegation that "Modular Arts' letter of March 6, 2007 was unfair and deceptive," Answer ¶ 29, is conclusory and insufficient to defeat a motion to dismiss. See Ove v. Gwinn, 264 F.3d 817, 821 (9th Cir. 2001). Here, the act complained of is Modular Arts' misrepresentation of products in connection with a pre-litigation demand letter. Interlam does not allege that Modular Arts ever "contacted members of the general public" or that

ORDER  3–

Modular Arts "executed contracts with any other parties." See Segal Co. v. Amazon.Com, 280 F. Supp. 2d 1229, 1233 (W.D. Wash. 2003) (granting Rule 12(b)(6) motion on CPA claim where "the complaint in no way indicates that defendant's conduct extended beyond the two parties to the alleged contract"). Nor does Interlam plead a per se unfair trade practice. See id. at 1233 n.3. Interlam asserts that "[t]he fact that Rodgers Design stopped selling Interlam's D-001 panel deceived a substantial portion of the public into believing that the competition in the marketplace was limited." Opp'n, docket no. 15, at 7. This allegation is absent from the counterclaim and, even if it was present, it is not clear that it would satisfy the first element of a CPA claim. Interlam is arguing that the public was deceived by Rodgers Design's cessation of sales; however, it is Modular Arts' demand letter that must be the basis for Interlam's counterclaim. Because Interlam has failed to allege that the public was aware of the Modular Arts' demand letter, Interlam's counterclaim fails to allege sufficient facts showing that Modular Arts' demand letter had the capacity to deceive a substantial portion of the public.

Modular Arts also argues that Interlam's counterclaim fails to allege sufficient facts showing that Modular Arts' conduct affected the public interest. "Whether the public has an interest in any given action is to be determined by the trier of fact from several factors." Hangman Ridge, 105 Wn.2d at 789-791. Interlam appears to concede that the "consumer transaction" and "private dispute" factors set forth in Hangman Ridge do not apply here, and attempts to analogize this case to Nordstrom, Inc. v. Tampourlos, 107 Wn.2d 735, 741-742 (1987), a trade infringement case. Nordstrom does not apply here either because a copyright infringement case, unlike a trade infringement case, does not require a plaintiff to show a likelihood of confusion among the consuming public, and it is that element that satisfies the public interest requirement of the CPA. See Nordstrom, 107 Wn.2d at 742-743. Interlam's counterclaim alleges that Interlam, but not the public, has been damaged. Answer ¶ 30.

ORDER  4–

Furthermore, Interlam fails to allege sufficient facts to show a public interest impact under any theory.

Interlam's counterclaim fails to allege sufficient facts showing that the first and third elements of a CPA claim can be met. As a result, Interlam has failed to state a claim upon which relief can be granted.

### C.     Noerr-Pennington Doctrine

Modular Arts alternatively moves to dismiss Interlam's CPA counterclaim on the grounds that its pre-litigation demand letter is protected by the Noerr-Pennington doctrine. See United Mine Workers v. Pennington, 381 U.S. 657 (1965); Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961). "The Noerr-Pennington doctrine derives from the First Amendment's guarantee of 'the right of the people . . . to petition the Government for a redress of grievances.'" Sosa v. DIRECTV, Inc., 437 F.3d 923, 929 (9th Cir. 2006) (quoting U.S. Const. amend. I). "Under the Noerr-Pennington doctrine, those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct." Id.  Pre-litigation demand letters are sufficiently related to petitioning activity to be protected by the Noerr-Pennington doctrine. See id. at 935-938.

However, prelitigation demands are "not . . . absolutely protected from liability" if the "conduct . . . 'is a mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor.'" Id. at 938 (quoting Noerr, 365 U.S. at 144). Interlam argues that Modular Arts' demand letter was a sham, thus precluding the application of the Noerr-Pennington doctrine. Interlam's counterclaim fails to allege sufficient facts to show that Modular Arts' demand letter was a sham, which would require a showing that the letter was "objectively baseless" and that Modular Arts' "motive in bringing it was unlawful." Id. at 938 (citing Kottle v. Northwest Kidney Ctr., 146 F.3d

ORDER   5–

1056, 1060 (9th Cir. 1998)).[2]  As a result, Interlam has failed to state a claim upon which relief can be granted in light of Modular Arts' Noerr-Pennington immunity.

### D. **Dismissal With or Without Prejudice**

Modular Arts moves to dismiss Interlam's counterclaim *with* prejudice.  The Court denies the motion in this respect and dismisses the claim *without* prejudice and with leave to amend the counterclaim within thirty days of the entry of this Order.  Any amended counterclaim must comply with the heightened pleading standard employed by the Ninth Circuit for claims involving conduct which is prima facie protected by the First Amendment and the Noerr-Pennington doctrine.  See Kottle, 146 F.3d at 1063-64.

### CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Modular Arts, Inc.'s Motion to Dismiss Counterclaim with Prejudice, docket no. 14.  The Court grants the motion in so far as the Court concludes that Interlam's counterclaim fails to allege sufficient facts showing the first and third elements of a Washington CPA claim and fails to allege sufficient facts showing that Modular Arts' pre-litigation demand letter constitutes sham litigation.  The Court denies the motion to the extent that Modular Arts moved for dismissal with prejudice.  Accordingly, the Court DISMISSES Interlam's counterclaim without prejudice and with leave to amend within thirty days of the entry of this Order.

IT IS SO ORDERED.

DATED this 13th day of July, 2006.

Thomas S. Zilly
United States District Judge

---

[2] This is the test for the "first" sham litigation exception.  See Sosa, 437 F.3d at 938; Kottle, 146 F.3d at 1060.  The Court rejects Interlam's application of the "third" sham litigation exception to this case because that exception is limited to the conduct of making intentional misrepresentations to a *court*.  Cf. Kottle, 146 F.3d at 1060-61 (declining to apply exception outside the context of a judicial proceeding).

ORDER   6–