1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF WASHINGTON
9                           AT SEATTLE

10  MODULAR ARTS, INC., a                 Case No.  C07-382Z
    Washington corporation,
11
                                          ORDER
12              Plaintiff,

13         v.

14  INTERLAM CORPORATION, a
15  Florida Corporation, d/b/a
    INTERLAM, and INTERLAM,
16  INC.,

17              Defendant.
18

19

20  **BACKGROUND**

21      On March 13, 2007, Modular Arts filed a complaint against Interlam alleging

22  copyright infringement.  Compl., docket no. 1.  On February 28, 2008, after a three day

23  trial, the jury returned a defense verdict.  Jury Verdict, docket no. 72.  As a result,

24  Plaintiff's amended complaint was dismissed with prejudice and with costs.

25
26  Supplemental Judgment, docket no. 74.  On March 18, 2008, Interlam filed a motion

for attorney's fees and costs, docket no. 76. The Court denied Interlam's motion for attorney's fees and costs by Minute Order, docket no. 98. The Clerk of the Court then granted Interlam's motion for Bill of Costs, docket no. 121. Interlam appealed the denial of attorney's fees and costs to the Ninth Circuit. Notice of Appeal, docket no. 103. On appeal, both sides jointly moved to have this Court set forth the basis for its decision denying attorney's fees and costs and the Ninth Circuit granted that motion. Modular Arts, Inc., v. Interlam Corp., Case No. 08-35489, Order, docket no. 7. Mandate then issued. Id., docket no. 8. The Court now sets forth the reasoning underlying the Minute Order, docket no. 98.

## DISCUSSION

### A. STANDARD FOR AWARD OF ATTORNEY'S FEES

The Copyright Act states that "the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. The award of attorney's fees is a matter for the district court's discretion. Perfect 10, Inc. v. CCBill LLC, 488 F.3d 1102, 1120 (9th Cir.), cert. denied, 128 S. Ct. 709 (2007).[1]

### B. DISCUSSION OF ATTORNEY'S FEES

Interlam asserts that there is a strong presumption in favor of awarding fees to prevailing defendants. Assessment Technologies of WI, LLC v. WIREdata, Inc., 361

---

[1] Modular Arts briefly makes an argument that Interlam cannot request attorney's fees because it failed to specify the request in a Pre-Trial Order. Opp'n, docket no. 86, at 1. The argument is without merit because the prevailing party had not been determined at that stage of the litigation.

ORDER
PAGE - 2

F.3d 434, 437 (7th Cir. 2004). However, there are several reasons to believe that such a presumption does not apply, in the Ninth Circuit in general, or in this case in particular. First, WIREdata is a Seventh Circuit case; Interlam has not cited Ninth Circuit authority that indicates an applicable presumption. Second, in WIREdata, an award of attorney's fees was appropriate because the Plaintiff's conduct came close to copyright misuse; in that case, the Plaintiff was attempting to extend copyright protection to public domain data. Id. at 437. No such accusation of an impermissible application of copyright has been claimed against the Plaintiff in the present case. Third, in Fogerty, the Supreme Court rejected an argument that courts in copyright cases should employ the "British Rule" and automatically award attorney's fees to prevailing parties. Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994).[2]

The courts have identified the following non-exclusive factors when evaluating the award of attorney's fees. These factors include: (1) the degree of success obtained, (2) motivation, (3) frivolousness, (4) objective unreasonableness, (5) the need to advance considerations of compensation and deterrence, (6) the purposes of the Copyright Act, and (7) whether the chilling effect of attorney's fees may be too great or impose an equitable burden on an impecunious plaintiff. See Wall Data Inc. v. L.A. County Sheriff's Dep't, 447 F.3d 769, 787 (9th Cir. 2006); Ets-Hokin v. Skyy Spirits, Inc., 323 F.3d 763, 766 (9th Cir. 2003); Fogerty v. Fantasy, Inc., 510 U.S. 517, 535 n.19 (1994).

---

[2] Even if a presumption of attorney's fees exists, the Court would not award attorney's fees in this case

ORDER
PAGE - 3

As to the first factor, degree of success obtained by the prevailing party, the Defendant prevailed at trial. A jury's question "unambiguously demonstrated the jury's intent":

> CAN WE AWARD INTERLAM DAMAGES IN THE AMOUNT OF THE COSTS OF ATTY FEES, TRAVEL & EXPENSES?

Van Camp Decl., docket no. 77, Ex. D; Def.'s Motion, docket no. 76, at 2:7-15. The first factor weighs in favor of Defendant.

As to the second factor, frivolousness, the Defendant points to a pre-litigation e-mail in which Interlam explained that it employed a patented process for creation of their wall panel; Interlam suggests that Modular Arts was reckless to continue with litigation. Def.'s Motion 12:6-13:6. The relevance of Interlam's patent is slight. A patent claiming a method of manufacturing a design does not speak to the originality of that design. The Plaintiff provided substantial evidence that, if believed by a jury, would have proven copyright infringement. The second factor weighs in favor of the Plaintiff.

As to the third factor, Plaintiff's motivation was to enforce their copyright registration to maintain a competitive business advantage. This is a proper motivation. Defendant's motivation in continuing to defend was based on its position that it did not copy the Plaintiff's work. However, e-mail evidence in the case demonstrates Defendant's motive to "[t]ry to get the new sample panel to be as close to the mock-up as humanly possible," referring to Plaintiff's panel installed in a mock-up at a customer

site. Boller Decl., docket no. 25, Exhibit F at 5. Thus, Defendant's motivation was to create a panel "as close . . . as humanly possible" to Plaintiff's registered panel. Under these circumstances the motivation factor favors Plaintiff.

As to the fourth factor, the reasonableness of the party's legal and factual arguments, the arguments submitted to the Court by Modular Arts were reasonable. Modular Arts submitted evidence of substantial similarity and evidence of access to the design via testimony about the Red Rock mock-up trailer and the alleged access to a web site. Van Camp Aff., docket no. 30, Exhibit G, Eckenrod Depo. at 12:20-13:1, 14:5-14:16; Boller Reply Decl., docket no. 36, Exhibit C, Greene Depo. at 32:1-7 (access of Modular Arts web site by Greene). Modular Arts' factual and legal arguments were reasonable.

The fifth factor requires the Court to advance considerations of compensation and deterrence. On the issue of compensation alone, Interlam could be compensated for a case in which no infringement was found. Regarding deterrence, the Court must determine whether Modular Arts is a Plaintiff that needs to be cautioned before filing further copyright infringement lawsuits. In this instance, Modular Arts is a manufacturing company that is protecting a copyright registration related to products that it manufactures. There is no need for deterrence. This factor does not weigh in favor of either party.

As to the sixth factor, the purposes of the Copyright Act, a key criteria is the promotion of creativity for the public good. Jackson v. Axton, 25 F.3d 884, 890 (9th

Cir. 1994), underruled on other grounds by Fogerty, 510 U.S. at 531-32.  Interlam argues

that an award of attorney's fees furthers the purposes of copyright because Interlam

independently created its wall panel.  Def.'s Motion at 3:4-15.  The argument is not

persuasive.  First, Interlam's main evidence of independent creation, a patent on a

process to create panels was not necessarily evidence of independent creation.  Second,

e-mail evidence suggested Defendant intentionally tried to make their product resemble

Plaintiff's registered design "as close . . . as humanly possible."  The Defendant's act of

copying images in an e-mail, albeit with a patented manufacturing technique, hardly

promotes the purposes of the copyright laws.  Most importantly, the reasons behind the

jury's verdict remain unknown.  Perhaps the jury simply decided that the panels were

not substantially similar after all, and never reached the independent creation defense.

Modular Arts obtained a copyright registration for a design of a product they

manufacture.  Amended Compl., docket no. 4, Ex. B.  If a Plaintiff is afraid of asserting

a copyright registration because of the probability of paying a substantial judgment for

attorney's fees and costs, it would chill any incentive to litigate valid copyright claims.

The sixth factor weighs in favor of the Plaintiff.

As to the seventh factor, the impecunious factor is not relevant.

Although the Defendant ultimately prevailed, the Plaintiff's case was not

frivolous.  The case was fairly tried and should not deter similar cases in the future.

Most importantly, awarding attorney's fees in this case would be more likely to stifle

legitimate copyright claims than deter frivolous litigation.  The Copyright Act grants

the Court discretion to award attorney's fees and full costs to Interlam. Under all the

circumstances, and for the reasons stated in this Order, the Court DECLINES to award

attorney's fees and costs to Defendant.

IT IS SO ORDERED.

DATED this 20th day of January, 2009.

s/ Thomas S. Zilly

_____
THOMAS S. ZILLY
United States District Judge